IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HEINEN, Inmate #30546-044, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-526-GPM |
| | ) |
| SARA REVELL and STANLEY PICKETT, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### IN FORMA PAUPERIS

The Court finds that Plaintiff, an inmate currently incarcerated in FCI-Greenville, is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed *in forma pauperis* is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00** filing fee applicable to this civil action as follows:

1. Plaintiff has been without funds for six months and is currently without funds, and he appears to have no means currently with which to pay an initial partial filing fee. Accordingly, the Court will not assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's

account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P. O. Box 249, East St. Louis, Illinois 62202.

To enable the Bureau of Prisons to remit these payments to the Clerk of Court as required by 28 U.S.C. § 1915, **IT IS FURTHER ORDERED** that Plaintiff shall complete, sign, and return one "Consent Form -- *In Forma Pauperis* Proceedings" to the Clerk of this Court in the envelope provided, within **FIFTEEN (15) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to provide two copies of the appropriate form to Plaintiff with his copy of this Memorandum and Order, along with a pre-addressed return envelope. Failure to provide the Bureau of Prisons with this authorization shall be grounds for dismissal of this action. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). However, Plaintiff will still be liable for the full filing fee for this action.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff. Upon receipt of Plaintiff's signed consent form, the Clerk shall mail a copy of this Memorandum and Order to the Warden at FCI-Greenville, with an executed copy of the consent form.

### THRESHOLD REVIEW

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTUAL BACKGROUND

Plaintiff states that he is scheduled to be released from the Bureau of Prisons in September 2006. He was informed by Defendant Pickett that, pursuant to 42 U.S.C. § 14135a, (the DNA Analysis Backlog Elimination Act of 2000), he must submit to the taking of a DNA sample prior to his release. Plaintiff contested the taking of the sample in grievances, and when he refused to provide a sample, he was disciplined with a 30-day loss of commissary privileges and a 30-day loss of phone privileges. Plaintiff appears to challenge the disciplinary action taken against him, as well as the constitutionality of the statute, which he believes violates his Fourth Amendment rights.

## DISCIPLINARY ACTION

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Plaintiff claims that he was denied commissary privileges and phone privileges for 30 days. However, these allegations do

not present a viable constitutional claim.  *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in loss of commissary privileges). Consequently, this claim is **DISMISSED with prejudice** from the action.  *See* 28 U.S.C. § 1915A.

**DNA SAMPLE**

Plaintiff argues that the statute requiring the DNA sample violates his Fourth Amendment rights.  The Seventh Circuit has foreclosed this argument, *see Green v. Berge*, 354 F.3d 675, 677-78 (7th Cir. 2004) (holding Wisconsin statute requiring all incarcerated felons to provide DNA samples for state data bank does not violate Fourth Amendment under "special needs" doctrine), and other circuits have found specifically that this statute does not violate the Fourth Amendment, *see United States v. Kincade*, 379 F.3d 813, 832 (9th Cir. 2004), *cert. denied*, 544 U.S. 924 (2005).  Based on these legal standards, this claim is **DISMISSED with prejudice** from the action.  *See* 28 U.S.C. § 1915A.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED with prejudice**.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  12/04/06

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
Chief United States District Judge